IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTRELLA REYES | : | CIVIL ACTION |
| v. | : | |
| CITY OF READING, et al. | : | NO. 10-702 |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                 July 27, 2010

      Plaintiff Estrella Reyes is the widow of Domingo Reyes, a mentally ill man who was fatally shot by Reading Police Officer Darrin Dougherty. Reyes alleges Defendants the City of Reading, Officer Dougherty, and Reading Hospital negligently caused her husband's death and violated 42 U.S.C. § 1983 by depriving Domingo Reyes of his Fourteenth Amendment rights to life and personal safety. Reyes initiated her case on April 9, 2009, by filing a Praecipe for Writ of Summons in the Berks County Court of Common Pleas. On February 19, 2010, the City of Reading and Officer Dougherty removed the case to this Court and filed a motion to dismiss under Rule 12(b)(6),[1] arguing Reyes's complaint is time-barred because she did not properly serve Defendants within 30 days of the issuance of the Writ of Summons.[2] Because this Court finds Reyes did not make a good-faith effort to effect service within 30 days of the issuance of the Writ of Summons, Reyes's

---

[1] While Defendants also brought their motion to dismiss under Rule 12(b)(5), their statute of limitations defense is evaluated under Rule 12(b)(6). *See Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (holding a statute of limitations defense may be raised under Rule 12(b)(6)).

[2] Reyes argues the Federal Rules of Civil Procedure, not the Pennsylvania rules, should apply to determine whether service was sufficient to toll the statute of limitations. Reyes, however, initiated her suit in state court, effectively selecting the Pennsylvania Rules of Civil Procedure to govern her case. Moreover, the Federal Rules of Civil Procedure require a Plaintiff to serve Defendants within 120 days of the filing of a complaint. Fed. R. Civ. P. 4(m). Thus, even if the Federal Rules applied, Reyes's complaint would still be time-barred because she did not timely serve the Defendants under either the federal or local rules.

complaint is dismissed as to the City of Reading and Officer Dougherty.[3]

**FACTS**

On April 22, 2007, Estrella Reyes called Reading Hospital after her husband, Domingo Reyes, told her he wanted to die. The hospital sent William Foreman, an employee of Service Access Management, to render emergency counseling to Mr. Reyes. After Foreman arrived at the Reyes home, either he or Service Access Management called the Reading Police Department for assistance. The police dispatched Officer Dougherty, who later shot and killed Mr. Reyes.

On April 9, 2009, 13 days before the expiration of the statute of limitations for wrongful death, Estrella Reyes filed a Praecipe for Writ of Summons in the Berks County Court of Common Pleas to pursue claims related to the April 22, 2007 events.[4] The Writ was issued on April 9, 2009. Reyes filed a copy of the Writ with the Berks County Sheriff's Office on April 21, 2009, seeking to serve notice to Defendants. Reyes, however, failed to include the original Writ of Summons and Sheriff's Instruction Form as required by Berks County local rule.

On April 23, 2009, the sheriff's office called the Plaintiff's attorney to request the original Writ and instruction form.[5] On May 6, 2009, and May 26, 2009, Reyes's counsel emailed the

---

[3] Reading Hospital has failed to defend itself in this action, despite receiving service of Reyes's claim. This court has no ability to dismiss a complaint for statute of limitations violations sua sponte. *See Archer v. Caribbean Auto Mart, Inc.*, No. 09-2798, 2010 U.S. App. LEXIS 9618, at *7 (3d Cir. May 11, 2010) (finding sua sponte dismissal of a complaint based on waivable errors was an error) (citing *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). Therefore, this action shall proceed against Reading Hospital.

[4] The § 1983 claim and negligence claim each carry a two-year statute of limitations from the date of injury. 42 U.S.C. § 1988; 42 Pa. Cons. Stat. § 5524(2). The injury occurred on April 22, 2007. Thus, the statute of limitations expired on April 22, 2009.

[5] Reyes concedes "the Berks County Sheriff's Office contacted [her attorney] and requested an original Writ of Summons." Pl.'s Resp. to Mot. to Dismiss at 2.

sheriff's office to ask about the status of service upon Defendants, but Reyes's counsel did not send the original Writ or instruction form to the Sheriff. On May 26, 2009, the Sheriff issued a Notice of No Service to the Court of Common Pleas. On June 1, 2009, the sheriff's office told Reyes service had not been made and returns of service were being mailed to counsel. On June 10, 2009, Reyes requested a reissue of the Writ and notified the court the original Writ of Summons could not be located. On June 30, 2009, the Court of Common Pleas directed Reyes to amend her request to include a statement the original Writ could not be located, and she complied. On July 6, 2009, the prothonotary issued a duplicate Writ. On July 21, 2009, Reyes provided the duplicate Writ to the Berks County Sheriff's office with instructions for effecting service on Defendants. The City of Reading and Reading Hospital were served on July 24, 2009, 93 days after the statute of limitations had expired. Officer Dougherty was served on July 27, 2009, 96 days after the statute of limitations had expired.

**DISCUSSION**

Statute of limitations is an affirmative defense which is typically raised in an answer. Fed. R. Civ. P. 8(c)(1). Additionally, "the limitations defense may be raised on a motion under Rule 12(b)(6) . . . if 'the time alleged in the statement of the claim shows that the cause of action has not been brought within the statute of limitations.'" *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." In deciding a Rule 12(b)(6) motion, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and

3

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation and internal quotation marks omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In addition to facts alleged in the complaint, a court "may properly look at public records, including judicial proceedings." *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp.*, 181 F.3d 410, 426 (3d Cir. 1999).

In Pennsylvania, an action may be commenced by filing a Praecipe for a Writ of Summons with the prothonotary. Pa. R. Civ. P. 1007(1). A Writ of Summons tolls the statute of limitations if it is properly served on the defendants within 30 days, Pa. R. Civ. P. 401(a), or if the Writ is reissued within 30 days. *Lamp v. Heyman*, 366 A.2d 882, 884 (Pa. 1976).[6] Under Pennsylvania law, "[t]he court at every stage of any . . . action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa. R. Civ. P. 126.

It is only appropriate to dismiss claims for defective service if the plaintiff has "demonstrated an intent to stall the judicial machinery" by failing to make a good-faith effort to serve defendants, or if the plaintiff's failure to comply with the Rules of Civil Procedure has prejudiced the defendant. *McCreesh v. Philadelphia*, 888 A.2d 664, 674 (Pa. 2005). Whether a plaintiff made a good-faith effort to comply with the rules regarding service is a fact-specific inquiry, not an "objective bright line" test. *Id.* at 674. Generally, a court will find plaintiff made a good-faith effort to serve a defendant if a plaintiff took some action to ensure the defendant was properly and timely served. *See Farinacci v. Beaver Cnty. Indus. Dev. Auth.*, 511 A.2d 757, 759-60 (Pa. 1986) (finding an eight

---

[6] A Writ may be reissued "at any time and any number of times." Pa. R. Civ. P. 401(b)(2).

or nine day delay by the plaintiff's attorney because he misplaced the file was "not necessarily inconsistent with a finding of good faith," but holding the four-week delay which followed after the lawyer found the file was inconsistent with a finding of good faith).

A finding of good faith requires eventual compliance with the Pennsylvania Rules of Civil Procedure. *See Jennings v. Holiday Inn Sunspree Resort*, No. 09-0482, 2009 U.S. Dist. LEXIS 36193, at *8-9 (E.D. Pa. Apr. 27, 2009) (finding there was no good faith attempt because plaintiffs conceded they had never properly served a defendant); *Fraiser v. Gillis*, 892 A.2d 74, 78 (Pa. Commw. Ct. 2006) (finding there was no good faith attempt because no effort was made to comply with the rules); *Scott v. Tucker*, No. 315, 2006 Phila. Ct. Com. Pl. LEXIS 88, at *1-5 (Phila. Ct. Com. Pl. Feb. 17, 2006) (finding plaintiffs did not act in good faith where they made only one failed attempt at service). A court must also consider whether defendants had actual notice, although such notice is not necessarily required. *See McCreesh*, 888 A.2d at 674 n.20 ("[T]here may be situations where actual notice may not be absolutely necessary so long as prejudice [to the defendants] did not result."); *Pellasce v. Giant Eagle, Inc.*, No. 04-28807, 2006 Pa. Dist. & Cnty. Dec. LEXIS 248, *8 (Allegheny Cnty. Ct. Com. Pl. Oct. 4, 2006) ("[A]ctual notice to a [d]efendant is a key factor in determining whether the underlying purpose of the statute of limitations, *i.e.*, that a [d]efendant be protected from stale claims, has been fulfilled.").

Here, Reyes filed a Praecipe for Writ of Summons within the statute of limitations but then failed to follow the local rules for service. After the sheriff's office informed Reyes's attorney the original Writ and Sheriff's Instruction Form were missing, Reyes failed to produce such forms to the sheriff's office so the Defendants could be served within 30 days of the Writ's issuance. By then, Reyes should have either located the original Writ or immediately filed for a reissued Writ, which

5

is a plaintiff's right under Pennsylvania Rule of Civil Procedure 401(b)(2). Instead, Reyes sent two emails to the sheriff's office asking whether service had been made, despite being told the sheriff's office could not effect service without the original Writ or a reissued Writ. As a result, Defendants were not served and the Writ was not reissued within 30 days of the original Writ, as required by Pennsylvania Rule of Civil Procedure 401(a). Moreover, Defendants did not receive actual notice of Reyes's claims within the statute of limitations or within 30 days of the issuance of the Writ.[7]

While this Court must construe Rule 401 liberally, Pa. R. Civ. P. 126, parties may not ignore the mandates of the Rules of Civil Procedure. *See Pellasce*, 2006 Pa. Dist. & Cnty. Dec. LEXIS 248, at *9. Reyes has provided no justification for her failure to comply with the Pennsylvania Rules or to correct her error when the sheriff notified her of her filing's deficiencies. By failing to respond to the sheriff's request to send the necessary documents or reissue the Writ, Reyes failed to meet the good-faith standard so as to create a presumption she possessed "an intent to stall the judicial machinery." *McCreesh*, 888 A.2d at 674.

Courts have not frequently discussed what constitutes prejudice to defendants under *McCreesh*. *See, e.g.*, *Jennings*, 2009 U.S. Dist. LEXIS 36193, at *8-9 (finding no good-faith effort to effect service but not considering prejudice to defendants); *Peterson v. State Farm*, 81 Pa. D. & C.4th 215, 221-22 (Dauphin Cnty. Ct. Com. Pl. 2006) (declining to engage in a prejudice analysis).

---

[7] At oral argument, Reyes argued there was constructive notice of her suit because the City of Reading and Officer Dougherty should have known they would be sued following Mr. Reyes's death. Reyes has failed to provide any case law supporting her assertion. This Court will not consider Mr. Reyes's death, on its own, as actual notice of a pending lawsuit. *See Englert v. Fazio Mech. Servs.*, 932 A.2d 122, 127 (Pa. Super. Ct. 2007) (holding notice of the potential for litigation does not constitute valid notice of the commencement of litigation); *see also Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 195 (3d Cir. 2001) (finding notice requires more than knowledge of the event giving rise to the cause of action, but rather notice "that the plaintiff has instituted a cause of action").

There is no presumption of prejudice based on the mere passage of time alone; instead, defendants must introduce some evidence to show how they were harmed. *See Jacobs v. Halloran*, 710 A.2d 1098, 1102 (Pa. 1998) ("It is unnecessary to presume prejudice because the defendant is free to present evidence of actual prejudice."). Prejudice to a defendant has been found, however, if there is "any substantial diminution of the defendants' ability to present factual information in the event of trial which has been brought about by plaintiff's delay." *Am. Bank & Trust Co. v. Ritter, Todd & Haayen*, 418 A.2d 408, 410 (Pa. Super. Ct. 1980).

The City of Reading and Officer Dougherty have not pointed to any actual prejudice in this case, relying instead on a speculation of future difficulty based on the passage of time.[8] Since this Court concludes Reyes failed to make a good-faith service effort, however, it is unnecessary to consider whether Defendants were actually prejudiced by Reyes's late filing.[9]

Because this Court finds Reyes did not make a good faith effort to serve Defendants, her filing of the original Praecipe for Writ of Summons does not toll the statute of limitations for her § 1983 and negligence claims. Therefore, the Motion to Dismiss filed by the City of Reading and Officer Dougherty is granted.

An appropriate order follows.

BY THE COURT:

\s\ Juan R. Sánchez
Juan R. Sánchez, J.

---

[8] Defendants point to fading memories of potential witnesses and the absence of relevant records, which "may no longer be in existence three (3) years later." Def.'s Mot. to Dismiss at 7-8.

[9] It should be noted Reyes's failure to provide the original Writ to the Sheriff resulted in a 78 day delay of actual notice to the City of Reading and Reading Hospital and an 81 day delay of actual notice to Officer Dougherty.

7